Lawrence N. SPARKS, Plaintiff–Appellant,

and

John J. Reed, Esq., Non–Party Appellant,

v.

EASTMAN KODAK COMPANY, Defendant–Appellee.

Nos. 02–1179, 02–1230, 02–1276.

United States Court of Appeals, Federal Circuit.

Oct. 2, 2002.

Before MICHEL, CLEVENGER and PROST, Circuit Judges.

PROST, Circuit Judge.

ORDER

Eastman Kodak Company moves for summary affirmance of the judgment of the United States District Court for the Central District of California on the pleadings and the order awarding attorney fees. Lawrence N. Sparks and John J. Reed, Esq. move for an extension of time to file a response and for leave to file a response in excess of the page limit prescribed by Fed. R.App. P. 27, with response attached. Kodak replies.

In 1998, Sparks filed a patent infringement action against Kodak in the United States District Court for the Southern District of California. The Southern District granted Kodak's motion for summary judgment, finding "this case should never have been brought or maintained because no rational person could conclude that Kodak's accused products infringe the claims of [Spark's] '221 patent." This court affirmed without opinion. *See Sparks v. Eastman Kodak Co.*, 243 F.3d 559 (Fed. Cir.2000) (table).

In 2001, Sparks filed a similar complaint in the Central District (the district court), alleging that Kodak had committed "fraud on the court" in the action before the Southern District court. In a hearing on Kodak's Fed.R.Civ.P. 12(c) motion for judgment on the pleadings, the district court stated:

> What you are doing here appears to the court on the surface to be so outlandish and so outrageous, that you're taking a San Diego action in which you have brought against a major company, a San Diego action in which the court

lambasted you and said that there was just no basis for this, that is was baloney basically .... But you come in late, now years later, in a totally different court asking this court to adjudicate whether that court was affected by fraud.... I can't think of any basis for that claim. It seems to me to be totally bogus.

The district court granted Kodak's Rule 12(c) motion for judgment on the pleadings, concluding:

A comparison of the two complaints reveals the adjudication of the 1998 action involves the exact same claims brought in the present suit. Plaintiff's complaint in both actions are almost identical. In both suits, Plaintiff alleges "Defendant directly infringed the '221 patent.... Both complaints further allege Defendant is liable for contributory infringement in licensing the allegedly infringing products to its designated dealers.... Both suits pray for the same relief.... The summary judgment entered in 1999 in favor of Kodak bars this action for res judicata purposes."

... While not challenging the elements of res judicata, Plaintiff argues this case should not be barred by the earlier adjudication. Plaintiff claims Defendant practiced fraud on the [Southern District] in arguing the interpretation of the patent claim and the grant of summary judgment was premised on this fraud ... Rule 60(b) requires that a motion to set aside a judgment because of fraud be made within one year after judgment was entered.... Having the opportunity to raise a fraud claim in the Southern District of California, Plaintiff is barred from bringing an independent action for fraud in this Court.

The district court then awarded Kodak attorney fees pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, stating:

The evidence indicates Mr. Reed, counsel for Plaintiff, knew of the earlier ruling in favor of Kodak on the same infringement claims and was made aware of the res judicata bar. Nevertheless, Mr. Reed brought suit in this Court without proper justification. Mr. Reed further refused to allow the res judicata argument to be heard before filing a motion for summary judgment. This forced defense counsel to incur both the expense of opposing the frivolous summary judgment motion and making a motion to dismiss under the doctrine of res judicata.... [T]he award of attorneys' fees should be jointly assessed against Plaintiff Larry Sparks and Plaintiff's Counsel John Reed.

Kodak moves for summary affirmance. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). Kodak argues that summary affirmance is appropriate because the district court clearly was correct in its conclusion that the suit was barred by res judicata and that the time had run for Sparks to allege fraud in the Southern District, and that the award of attorney fees was justified. In response, Sparks and Reed focus only on the alleged fraud in the Southern District court proceedings.

We agree that the district court's judgment on the pleadings and award of attorney fees were clearly correct. Because no substantial question exists regarding the outcome of the instant appeal, the court summarily affirms the judgment and order of the district court.

Accordingly,

IT IS ORDERED THAT:

(1) Kodak's motion for summary affirmance is granted.

(2) Spark's motion for an extension of time is granted.

(3) Spark's motion for leave to file a response with excess pages is granted.

(3) Each side shall bear its own costs.